**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 15a0720n.06

Nos. 03-3626, 12-4269

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Oct 28, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ANDRE WILLIAMS, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| CARL ANDERSON, WARDEN, | ) | |
| | ) | **ORDER** |
| Respondent-Appellee. | ) | |
| | ) | |

**BEFORE: MOORE, GIBBONS, and ROGERS, Circuit Judges.**

On July 7, 2015, we vacated the district court's denial of Andre Williams's petition for a writ of habeas corpus and remanded to the district court for the grant of a conditional writ of habeas corpus "unless the State reassesses Williams's *Atkins*[ *v. Virginia*, 536 U.S. 304 (2002)] petition consistent with this opinion." *Williams v. Mitchell*, 792 F.3d 606, 624 (6th Cir. 2015). Ten days later, Williams filed a motion with our court requesting that the attorneys who represented him in connection with his federal habeas petition be appointed to represent him in any state *Atkins* proceeding pursuant to 18 U.S.C. § 3599.[1]

---

[1] 18 U.S.C. § 3599(e) details the scope of representation permitted for federally appointed counsel, which extends to

> every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other

There are two components to a successful claim for appointment of counsel: (1) the petitioner must seek to be represented by counsel in "judicial proceedings transpiring 'subsequent' to her appointment," *Harbison v. Bell*, 556 U.S. 180, 188 (2009); and (2) the petitioner must be "unable to obtain adequate representation," *id.* at 189. Williams argues that any state *Atkins* proceeding will be "subsequent" to the federal habeas proceedings in which his counsel has already been appointed, and that state-funded counsel is unavailable to him.

We find it appropriate that the district court rule on Williams's motion in the first instance and find any facts that may be necessary to do so. We therefore **DENY** Williams's motion, without prejudice to its being renewed.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

---

appropriate motions and procedures, and . . . such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.